UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARJI L. FIELDS,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Case No. 2:20-cv-01292-JDP (SS)<br><br>ORDER DENYING CLAIMANT'S MOTION FOR SUMMARY JUDGMENT<br><br>ECF No. 16<br><br>ORDER GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT<br><br>ECF No. 20 |

    Marji Fields challenges the final decision of the Commissioner of Social Security denying her application for Title II disability benefits. The administrative law judge ("ALJ") found that Fields was not disabled because she could perform three jobs existing in significant numbers in the national economy. Fields raises three points of error. First, she argues that the ALJ improperly rejected the opinion of her treating physician, who opined that she had more limiting impairments than those found by the ALJ. Second, she argues that the ALJ erred in rejecting Fields' own testimony about the severity and persistence of her symptoms. Third, she argues that the ALJ erred in finding that she could perform the jobs of industrial cleaner, hand packager, and

final inspector; she asserts that each occupation is incompatible with her limitations.

The case is submitted on claimant's motion for summary judgment, ECF No. 16, to which the Commissioner filed an opposition and cross-motion for summary judgment, ECF No. 20. The matter is ripe for review, and this court now denies claimant's motion for summary judgment and grants the Commissioner's cross-motion for summary judgment.[1]

## I. STANDARD OF REVIEW

The court's review is limited. On appeal, I ask only whether substantial evidence supports the factual findings of the ALJ and whether the ALJ applied the correct legal standards. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); 42 U.S.C. § 405(g). As such, I apply a deferential standard of review and will uphold the ALJ's decision if a reasonable person could find the evidence sufficient to support the ALJ's findings. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) ("'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion."). I will uphold the ALJ's decision if it is rational, even if there is another rational interpretation of the evidence, because the court may not substitute its own judgment for that of the ALJ. *See Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

A motion for summary judgment may be granted only when the there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The burden of establishing that there is no genuine issue of material fact lies with the moving party. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Once the moving party has met that burden by "presenting evidence which, if uncontradicted, would entitle it to a directed verdict at trial, [Fed. R. Civ. P. 56(e)(2)] shifts to [the nonmoving party] the burden of presenting specific facts showing that such contradiction is possible." *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 950-52 (9th Cir. 1978).

## II. BACKGROUND

Claimant, who previously worked as a receptionist and administrative assistant, applied

---

[1] Both parties have consented to magistrate judge jurisdiction. ECF Nos. 6, 9.

for disability insurance benefits on October 25, 2015, alleging disability since April 3, 2015. AR 335-36, 381-87. She indicated that her disability resulted from Meniere's disease with associated vertigo, migraines, cochlear hydrops, hearing loss, and pain and pressure in her ears. AR 335-36, 382. SSA denied claimant's application both initially and upon reconsideration, after which she requested a hearing before an ALJ. AR 82-100. The ALJ held a hearing in June 2019 and issued a decision later that month, finding that claimant was not disabled. AR 35-69. Claimant requested a review of the ALJ's decision, and the Appeals Council denied the request. AR 1-6. She now seeks judicial review under 42 U.S.C. § 405(g).

### III. ANALYSIS

An ALJ determines eligibility for Social Security benefits in a five-step sequential evaluation process, asking: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether any of the claimant's impairments meet or medically equal the severity of one of the impairments listed in the regulations; (4) whether the claimant can perform past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 704 n.3 (9th Cir. 2018); 20 C.F.R. § 404.1520. The burden of proof is on the claimant during the first four steps of the inquiry but shifts to the Commissioner at the fifth step. *See* 20 C.F.R. § 404.1520(f); *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

At step one, the ALJ found that claimant had not engaged in substantial gainful activity since her alleged disability onset date of April 3, 2015. AR 17. At step two, the ALJ found that claimant had the severe impairments of Meniere's disease, vertigo, migraines, and cochlear hydrops. AR 18. At step three, the ALJ found that claimant did not have an impairment or combination of impairments that met or functionally equaled the severity of the listed impairments. AR 18. Before proceeding to step four, the ALJ determined that claimant's RFC permitted her to perform a full range of work at all exertional levels, except that: she was unable to work on uneven terrain; she needed to avoid work hazards, including machinery and unprotected heights; she was limited to no more than occasional climbing of ramps or stairs; and

she was limited to no more than occasional stooping, kneeling, crouching, and crawling. *See* AR 18. At step four, the ALJ found that there was insufficient evidence to determine claimant's past relevant work. AR 21. At step five, the ALJ determined that claimant was not disabled since there were significant numbers of jobs in the national economy that she could perform, namely the jobs of industrial cleaner, hand packager, and final inspector. AR 21-22.

**A. Treating Source Medical Opinion**

Claimant argues that the ALJ improperly rejected the medical opinion of her treating physician, Dr. Liou. In particular, she argues that Dr. Liou's opinion was uncontradicted, ECF No. 24 at 2, and that the ALJ did not provide clear and convincing reasons for rejecting it, ECF No. 16-1 at 12-13. In opposition, the Commissioner argues that that the ALJ was required only to provide specific and legitimate reasons for rejecting Dr. Liou's opinion, since the opinion was contradicted by other medical opinions. *See* ECF No. 20 at 21. The Commissioner argues that the ALJ provided specific and legitimate reasons for rejecting claimant's testimony, including inconsistent daily activities, limited and conservative treatment history, and medical opinions. *See id.* at 22-25.

"When the treating source has reasonable knowledge of [a claimant's] impairment(s), we will give the source's opinion more weight than we would give it if it were from a nontreating source."[2] 20 C.F.R. § 404.1527(c)(2)(ii); *see also Garrison*, 759 F.3d at 1012. If a treating source's opinion is not contradicted, there must be clear and convincing reasons to treat it as less than controlling. *See Lester,* 81 F.3d at 830. If the treating source's opinion is contradicted by another doctor—including a non-examining doctor—then the ALJ must offer specific and legitimate reasons supported by substantial evidence for weighing other medical opinions more heavily. *See Ryan v. Comm'r, Soc. Sec. Admin.*, 528 F.3d 1194, 1198 (9th Cir. 2008) ("If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial

---

[2] Since claimant filed for disability prior to March 27, 2017, the Social Security Administration's recently revised rules regarding the evaluation of medical opinion evidence do not apply. *See* 20 C.F.R. §§ 404.1520c, 416.920c.

4

evidence.").  Since Dr. Liou's opinion was contradicted by other doctors, the ALJ needed only to provide specific and legitimate reasons for rejecting it.  Under the circumstances, the conclusions of non-examining doctors are not enough; the ALJ also needed to cite other evidence in the record to support his rejection of Dr. Liou's opinion.  *See Orn*, 495 F.3d at 632 ("When an examining physician relies on the same clinical findings as a treating physician, but differs only in his or her conclusions, the conclusions of the examining physician are not 'substantial evidence.'").

In support of his decision to reject Dr. Liou's opinion, the ALJ cited claimant's inconsistent daily activities and treatment history, as well as a lack of clinical findings backing Dr. Liou's conclusions.  *See* AR 20-21.  The ALJ noted that Dr. Liou had opined that claimant was limited to "lifting only 20 pounds occasionally," despite examinations that "showed significant musculature" and claimant's routine of "power lifting four times per week."  AR 21.  The ALJ stressed that claimant's treatment history included "significant gaps" that were inconsistent with the "extreme and out of proportion" conclusions contained in Dr. Liou's opinion.  *See* AR 20-21.  Finally, the ALJ noted that claimant's extensive work history contradicted the findings of Dr. Liou.  AR 21.  Since Dr. Liou failed to address these inconsistencies, the ALJ concluded that they undercut "the veracity of his opinion."  AR 21; *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.").  Since the ALJ cited substantial evidence in the record in support of specific and legitimate reasons for rejecting Dr. Liou's opinion, the ALJ did not err.

**B. Claimant's Testimony**

Claimant argues that the ALJ improperly rejected her subjective symptom testimony because the ALJ did not make a finding that she was malingering and did not provide specific, clear, and convincing reasons for rejecting her testimony.  *See* ECF No. 16-1 at 14-16.  The Commissioner argues that the ALJ did not err, since the ALJ found that claimant's testimony was inconsistent with objective medical evidence, claimant's limited and conservative treatment

| | |
|---|---|
| 1 | history, and her daily activities. ECF No. 20 at 13. |
| 2 | Unless an ALJ finds that a claimant is malingering or has failed to provide objective |
| 3 | medical evidence in support of her testimony, an ALJ must provide clear and convincing reasons |
| 4 | for rejecting a claimant's subjective testimony about the severity of experienced symptoms. *See* |
| 5 | *Brown-Hunter v. Colvin*, 806 F.3d 487, 488-89 (9th Cir. 2015). As such, a claimant's subjective |
| 6 | testimony can only be rejected when an ALJ specifically identifies the "the testimony [from a |
| 7 | claimant] she or he finds not to be credible and . . . explain[s] what evidence undermines that |
| 8 | testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). Factors that may be |
| 9 | considered in assessing a claimant's subjective symptom testimony include the claimant's daily |
| 10 | activities; the location, duration, intensity and frequency of the pain or symptoms; factors that |
| 11 | cause or aggravate the symptoms; the type, dosage, effectiveness or side effects of any |
| 12 | medication; other measures or treatment used for relief; functional restrictions; and other relevant |
| 13 | factors. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007); *see also Tommasetti v.* |
| 14 | *Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (noting that an ALJ may also consider "unexplained |
| 15 | or inadequately explained failure to seek treatment or to follow a prescribed course of |
| 16 | treatment"). |
| 17 | At her hearing, claimant testified that she had last attempted to work as a customer service |
| 18 | representative, but that she could no longer perform that work due to her symptoms, especially |
| 19 | her light sensitivity and dizziness. AR 34. She reported that, on the days when her symptoms |
| 20 | were bad, she felt dizzy; she said she had suffered falls. AR 35-36. She reported that bright |
| 21 | lights worsened her vertigo and that that she needed to lie down in a dark room to deal with her |
| 22 | migraines. AR 35-36. She reported losing her balance regularly. AR 42. She further reported |
| 23 | difficulties getting dressed, walking her dogs, and going on extended drives. *See* AR 49-56. |
| 24 | The ALJ rejected claimant's subjective symptom testimony because he found it to be |
| 25 | inconsistent with objective medical evidence, claimant's limited and conservative treatment |
| 26 | history, and her daily activities. AR 19-20. The ALJ found that claimant's impairment "could |
| 27 | reasonably be expected cause" her symptoms, but that "the intensity, persistence and limiting |
| 28 | effects of these symptoms are not entirely consistent" with the evidence in the record. AR 19. |

In support of this finding, the ALJ first cited claimant's inconsistent daily activities. The ALJ cited activities leading to "significant muscle bulk and strength," which the ALJ saw as evidence that "claimant maintained significant physical capabilities." AR 19-20. The ALJ noted that these physical capabilities were reflected in her maintained "ability to 'power lift' four times per week and engage in cardiovascular exercise five times per week." AR 20; *see also* AR 473, 479, 656 (describing claimant's exercise routine). Further daily activities noted by the ALJ included her travel history, her ability to shop in stores, and her completion of household chores. AR 20; *see also* AR 604-05, 775, 830, 851, 880-81, 1017 (describing various trips taken by claimant). These inconsistent daily activities provided a proper basis for rejecting claimant's subjective symptom testimony. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) ("In reaching a credibility determination, an ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors.").

Next, the ALJ described claimant's objective medical evidence and treatment history. *See* 20 C.F.R. § 404.1529(c)(3)(v); *Tommasetti*, 533 F.3d at 1039. The ALJ cited claimant's MRI testing, which showed "no significant abnormalities." AR 20. The ALJ noted that claimant's treatment history was generally conservative—with significant periods of no treatment at all—and that claimant refused medications that might have helped her. AR 20; *see also* AR 770 (noting that claimant's August 2017 video visit with Dr. Liou was her first visit with him in almost two years). The ALJ noted that he had considered other potential reasons for the conservative treatment history, but that those reasons were not substantiated by evidence in the record, and that a better explanation was that her symptoms were "not as severe as alleged." AR 20. Since the ALJ provided specific, clear, and convincing reasons supported by substantial evidence in the record for rejecting claimant's subjective symptom testimony, the ALJ did not err. *See Brown-Hunter*, 806 F.3d at 488-89.

**C. Step Five**

Claimant argues that the ALJ erred by making occupational findings at step five that were unsupported by substantial evidence. ECF No. 16-1 at 16. In particular, claimant argues that the

7

industrial cleaner occupation—as described by the Dictionary of Occupational Titles—requires frequent stooping and crouching, which is inconsistent with claimant being limited to only occasional stooping and crouching. *See id.* Claimant argues that the hand packager and final inspector occupations are also incompatible with her limitations, since they would expose her to noise levels that are unsuitable, given her hearing loss stemming from her cochlear hydrops. *See id.* The Commissioner, in his cross-motion for summary judgment, acknowledges an error, conceding that the limitations contained in claimant's RFC are incompatible with the industrial cleaner occupation. *See* ECF No. 20 at 26. But the Commissioner argues that this error was harmless, since the ALJ identified two other jobs that claimant could perform. *See id.* I agree.

At step five, the Commissioner bears the burden of showing that, accounting for claimant's RFC, she can still perform jobs existing in significant numbers in the national economy. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2001). To satisfy this burden, an ALJ may rely upon a vocational expert's testimony, so long as the vocational expert has been presented with a claimant's RFC setting forth all limitations. *See Matthews v. Shalala*, 10 F.3d 675, 681 (9th Cir. 1995). Thus, for a vocational expert's testimony sufficiently to support an ALJ's step five findings, the RFC must account for all of a claimant's limitations, be they physical or mental. *See Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

Claimant argues that the ALJ erred by finding that she could perform three jobs existing in significant numbers in the national economy. In arguing that the hand packager and final inspector occupations are incompatible with her limitations, claimant relies primarily on Dr. Liou's opinion that loud noises exacerbate her symptoms. *See* ECF No. 24 at 9; AR 557. Claimant argues that the ALJ did not set forth all of claimant's limitations in his hypothetical questions to the vocational expert, since the ALJ omitted portions of Dr. Liou's opinion. *See* ECF No. 16-1 at 17. However, since the ALJ did not err in his rejection of portions of Dr. Liou's opinion, he did not err in excluding those rejected portions from his hypothetical questioning of the vocational expert. *See Matthews*, 10 F.3d at 681. Having been presented with a properly-formulated RFC, the vocational expert testified that claimant was capable of performing the

occupations of hand packager and final inspector. AR 57-58. Hence, the ALJ's step-five determination was supported by substantial evidence as to the occupations of hand packager and final inspector.

While the ALJ erred in finding that claimant could work as an industrial cleaner, this error was harmless, since the ALJ properly found that claimant could perform two other jobs existing in significant numbers in the national economy. *Thomas v. Comm'r, Soc. Sec. Admin.*, 480 F. App'x. 462, 464 (9th Cir. 2012) (finding harmless an ALJ's incorrect determination that a claimant could perform three jobs—two of which were incompatible with the claimant's limitations—since the claimant could still perform one of them).

### IV. CONCLUSION AND ORDER

For the reasons stated in this opinion, the court affirms the decision of the Commissioner of Social Security. The court hereby orders that:

1. claimant's motion for summary judgment, ECF No. 16, be denied;
2. the Commissioner's cross-motion for summary judgment, ECF No. 20, be granted;
3. the decision of the Commissioner of Social Security be affirmed; and
4. the clerk of this court enter judgment in favor of defendant Commissioner of Social Security and against claimant, Marji Fields, and close this case.

IT IS SO ORDERED.

Dated: May 6, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

9